

**VENABLE**®LLP

Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201-2978

Telephone 410-244-7400
Facsimile 410-244-7742

**U.S. COURT OF APPEALS**

**FILED**

www.venable.com

Paul F. Strain                 410-244-7717                 pstrain@venable.com

FEB 2 9 2008

**CHARLES R. FULBRUGE III**
**CLERK**

February 28, 2008

VIA UPS OVERNIGHT
Mr. Charles R. Fulbruge III, Clerk
United States Court of Appeals
   for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

> *Re:   Retractable Technologies v. Abbott Laboratories*
>        *No. 07-40277*

Dear Mr. Fulbruge:

Appellant Abbott Laboratories, Inc. ("Abbott") requests that this letter be circulated to the judges who will be hearing oral argument on this case on March 3, 2008.

In a letter sent yesterday, counsel for appellee Retractable Technologies, Inc. ("RTI") called the Court's attention to a recent Seventh Circuit decision, *CPL, Inc. v. Fragchem Corp.*, 512 F.3d 389 (7th Cir. 2008). The case may be recent, but there is nothing new in its holding. In *CPL* the Court merely affirmed the unremarkable principle that parties to a contract can decide to waive contractual rights provided by the contract. It held that a court should not dismiss a case properly within its jurisdiction on the basis of a contractual term that neither party seeks to enforce: "[A] *sua sponte* order of dismissal of this nature is improper because an objection to venue can be waived or forfeited." *Id.* at 392.

Nothing in the *CPL* case undermines Abbott's argument that the arbitration terms of the contract at issue expressly give either party the option to compel arbitration ("either party may initiate") and that bargained-for right cannot be stripped away merely by the other party's refusal to

# VENABLE.LLP

February 28, 2008
Page 2

arbitrate when a dispute arises. *See, e.g., Deaton Truck Line, Inc. v. Local Union 612,* 314 F.2d 418, 420-21 (5th Cir. 1962), *reh'g denied* (1963) ("'may' should be construed to give either aggrieved party *the option* to require arbitration." (emphasis added)). *See also Nemitz v. Norfolk & W. Ry. Co.,* 436 F.2d 841, 843, n. 1 (6th Cir.) ("arbitration clause now before us was permissive until such time as the union or the appellant invoked arbitration. *If either had done so, arbitration would have been required.*" (emphasis added)), *aff'd,* 404 U.S. 37, 92 S. Ct. 185 (1971).

Thank you for your consideration of this letter.

Respectfully submitted,

Paul F. Strain

PFS:bb

cc:  George C. Bowles, Esquire (via facsimile)
Nicholas Patton, Esquire (via facsimile)