

# LLB&L

### Locke Lord Bissell & Liddell LLP
Attorneys & Counselors

2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: 214-740-8000
Fax: 214-740-8800
www.lockelord.com

George E. Bowles
Direct Telephone: 214-740-8498
Direct Fax: 214-756-8498
gbowles@lockelord.com

February 27, 2008

U.S. COURT OF APPEALS
**FILED**

Mr. Charles R. Fulbruge III, Clerk
United States Court of Appeals for the
  Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

FEB 2 7 2008

CHARLES R. FULBRUGE III
CLERK

Re:  *Retractable Technologies vs. Abbott Laboratories*
     No. 07-40277

Dear Mr. Fulbruge:

Appellee Retractable Technologies, Inc. requests that this letter be circulated to the judges who will be hearing oral argument on this case next week on March 3, 2008.

Retractable writes this letter to bring a new case to the Court's attention: *CPL Inc. v. Fragchem Corp.*, 512 F.3d 389, 392-93 (7th Cir. 2008). In that case, the Seventh Circuit holds that a court may not *sua sponte* dismiss a case to enforce a contractual arbitration clause. *Id.* Neither party had moved to enforce the arbitration agreement, which provided that the parties "shall" refer any controversy arising under the agreement to arbitration. *Id.* at 391, 392. The court said that "dismissal on the court's own initiative is particularly ill-conceived as an effort to enforce a contractual arbitration clause because, like many other contractual rights, it may be waived." *Id.* at 392 (citations omitted).

*CPL* relates to Abbott's argument at page 19 of its Appellant's Brief and page 10 of its Reply Brief that "if the parties had used 'shall,' then a reasonable interpretation would be that every dispute has to be arbitrated even if no party affirmatively chooses arbitration. . . ." Appellant's Brief at 19 (emphasis added). The *CPL* decision demonstrates that this argument is incorrect. Instead, if the

February 27, 2008
Page 2

arbitration clause used the word "shall," but neither party sought to enforce the arbitration provision, then a court could not force the parties to arbitrate.

Consequently, if, as Abbott suggests, this Court construes the arbitration provision—that disputes "may" be resolved by ADR—as meaning that either party can force the other to arbitrate, then the Court would be construing the word "may" to have the same meaning as "shall." Yet, the National Marketing and Distribution Agreement at issue in this case uses the word "may" in contradistinction to the word "shall" used in the arbitration provisions in the other contemporaneous agreements that Retractable and Abbott signed as a part of the same transaction. Abbott's argument would give no effect to that difference.

Respectfully submitted,

George E. Bowles

cc:  Mr. Paul F. Strain (via facsimile)
     Mr. Lance Lee (via facsimile)